IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHEAL SMITH,

    Petitioner,               No. 2:09-cv-3264-WBS-JFM (HC)

   vs.

WARDEN, HIGH DESERT STATE PRISON,

    Respondent.             FINDINGS & RECOMMENDATIONS

                            /

        Petitioner is a state prisoner proceeding pro se and in forma pauperis with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges a 2008 prison disciplinary conviction which resulted in, inter alia, the loss of 360 days of credits. Respondent has moved to dismiss this action for failure to exhaust state court remedies. Petitioner has not opposed the motion.

        The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

1

1  After reviewing the petition for habeas corpus, the court finds that petitioner has
2  failed to exhaust state court remedies. The claims have not been presented to the California
3  Supreme Court. Further, there is no allegation that state court remedies are no longer available to
4  petitioner. Accordingly, respondent's motion to dismiss should be granted and this action should
5  be dismissed without prejudice.[2]

6  In accordance with the above, IT IS HEREBY RECOMMENDED that:

7  1. Respondent's February 19, 2010 motion to dismiss be granted; and

8  2. This action be dismissed without prejudice for failure to exhaust state
9  remedies.

10  These findings and recommendations will be submitted to the United States
11  District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within
12  fourteen days after being served with these findings and recommendations, any party may file
13  written objections with the court and serve a copy on all parties. Such a document should be
14  captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to
15  the objections shall be filed and served within fourteen days after service of the objections. The
16  /////
17  /////
18  /////
19  /////
20  /////
21  /////
22  /////

---

[2] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).

1 parties are advised that failure to file objections within the specified time may waive the right to
2 appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
3 DATED: March 29, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

12
smit3264.103